IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

**Steven H. McIlwain**
10614 Sweepstakes Rd.
Damacus, MD 20872

and

**Carlita M. McIlwain**
10614 Sweepstakes Rd.
Damacus, MD 20872

Plaintiffs,

v.

**Nationstar Mortgage, LLC**
8950 Cypress Walters Blvd.
Coppell, TX 75019

*Serve*: CSC-Lawyers Incorporating Service Co.
7 St. Paul Street
Suite 820
Baltimore, MD 21202

and

**Bank of America, N.A.**
100 North Tryon St.
Charlotte, NC 28255

*Serve Resident Agent:*
The Corporation Trust, Inc.
351 West Camden St.
Baltimore, MD 21201

Defendants.

Case No. 409195-V

**COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT**

The Plaintiffs, Steven and Carlita McIlwain, by and through undersigned counsel, hereby represent unto the Court as follows:

## PARTIES AND JURISDICTION

1. Plaintiffs are adult citizens of the United States and residents of Montgomery County, Maryland.
2. Defendant, Nationstar Mortgage, LLC ("Nationstar"), is a loan servicer regularly conducting business in Maryland and the current loan servicer of Plaintiffs' federally regulated mortgage.
3. Defendant, Bank of America, N.A. ("Bank of America"), is a loan servicer regularly conducting business in Maryland and the former loan servicer of Plaintiffs' federally regulated mortgage.
4. This Court has subject matter jurisdiction over this case pursuant to Md. Cts. and Jud. Proc. § 1-501.
5. This Court has personal jurisdiction over the Defendants pursuant to Md. Cts. and Jud. Proc. § 6-103(b) because the Defendants conduct business in Maryland and the cause of action herein arises from the Defendants' conduct in Maryland.
6. Venue is proper in this County because the acts and transactions occurred here, Plaintiffs reside here, and Defendants transact business here.

## FACTS

7. Plaintiffs are the owners of real property located at 10614 Sweepstakes Road in Damascus, Maryland (the "Property"), in which they reside.
8. On or about May 31, 2007, Mr. McIlwain executed a note and both Plaintiffs executed a deed of trust (collectively, the "Mortgage") to purchase the Property.
9. On or about April 30, 2012, the Mortgage was modified by agreement to, among other things, reduce the yearly interest rate from 8.9% to 4.5%.
10. In May 2013, Mr. McIlwain received a notice from Defendant Bank of America, N.A. ("Bank of America"), the mortgage servicer at that time, stating that the loan was eligible for relief

under the National Mortgage Settlement ("NMS Notice"). A copy of the NMS Notice is attached hereto as Exhibit A.

11. The NMS Notice stated that if Mr. McIlwain met the qualifying criteria, the principal balance of the Mortgage would be reduced to $336,000 (a $232,000 reduction) and the monthly principal and interest payment amount would be reduced to $1,750 (from $2,664.76) ("NMS Offered Terms").

12. Promptly upon receipt of the notice, Mr. and Mrs. McIlwain went to the Bank of America customer assistance center in Columbia, Maryland and met with a home specialist to apply for the modification offered in the NMS Notice and the NMS Offered Terms ("NMS Modification").

13. Between May 15, 2013 and May 17, 2015, Mr. and Mrs. McIlwain provided all documents requested by Bank of America in order to apply for the NMS Modification. This is documented by Bank of America's Checklist for Home Loan Payment Assistance, which is attached hereto as Exhibit B.

14. While the NMS Modification was to be under review, the servicing of the loan was transferred from Bank of America to Nationstar. A copy of the servicing transfer notice is attached hereto as Exhibit C.

15. Following the transfer, Mr. and Mrs. McIlwain did not receive a response to their NMS Modification request.

16. Mr. and Mrs. McIlwain have attempted to resolve this error with both Bank of America and Nationstar. In doing so, Mr. and Mrs. McIlwain, by themselves and through counsel, have sent written correspondences to Bank of America and Nationstar alleging an error in the servicing as a result of the failure to complete the NMS Modification review.

17. In response, Bank of America has acknowledged that the subject loan was selected for a NMS modification review and that the information was forwarded to Nationstar by email. Attached hereto as Exhibit D are letters from Bank of America confirming this information.

18. Nationstar acknowledges that it will honor the terms of the NMS Modification "if customers were actively in review for a [NMS Modification] during the servicing transfer of the loan...." Despite this statement, Nationstar maintains that no servicing error occurred for the loan and ignores the evidence of the NMS Modification review that was underway when the servicing transfer took place. Attached hereto as Exhibit E are related correspondences from Nationstar.

19. Despite numerous requests, Bank of America and Nationstar refuse to complete the NMS Modification review.

<u>COUNT I – BREACH OF CONTRACT</u>
(All Defendants)

20. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein.

21. The NMS Notice was an offer for Plaintiffs' Mortgage to be modified under the NMS Offered Terms, provided that it met the qualifying criteria.

22. Plaintiffs accepted the offer by meeting with a home loan specialist by the date specified in the NMS Notice and providing all of the information and documents required to determine if they qualified for the NMS Modification.

23. Defendants breached the contact by failing to determine whether Plaintiffs qualified for a NMS Modification and failing to modify the Mortgage under the NMS Offered Terms after determining that Plaintiffs qualified.

24. As a result of Defendants' breach, Plaintiffs have incurred damages in the form of accrued interest, increased loan principal, and other costs related to the Mortgage.

COUNT II – VIOLATIONS OF RESPA
(All Defendants)

25. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein.

26. Plaintiffs sent multiple written correspondences, which are Qualified Written Requests ("QWR"s) pursuant to the Real Estate Settlement Procedures Act ("RESPA"), to both Defendants alleging the servicing error referenced herein.

27. Defendants failed to respond to the QWRs in accordance with RESPA's requirements because they did not correct the error, explain the reasons why the error did not occur, or provide the information requested by Plaintiffs.

28. Defendants' failures to adequately correct the errors asserted and respond to Plaintiffs' QWRs are violations of RESPA.

29. Defendants have exhibited a pattern and practice of non-compliance with RESPA as a result of their failure to correct Plaintiffs' Mortgage account or properly respond to Plaintiffs' many correspondences.

30. As a result of Defendants' practice of noncompliance with the RESPA, Plaintiffs have incurred monetary damages in accrued interest and loan principal, and costs, including reasonable attorney's fees.

COUNT III – NEGLIGENCE
(All Defendants)

31. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein.

32. As the servicers of Plaintiff's Mortgage, Defendants have a duty of good faith and fair dealing in communications with Plaintiffs, as well as the duty to pursue loss mitigation efforts when possible.

33. By failing to complete the NMS Modification review, Defendants breached their duty to Plaintiffs.

34. Because the NMS Modification review did not occur, the Mortgage was not modified under the NMS Offered Terms, which has resulted in damages to Plaintiffs in the form of accrued interest, increased loan principal, and other costs related to the Mortgage.

<u>COUNT IV – DECLARATORY JUDGMENT</u>
(Defendant Nationstar)

35. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein.

36. Plaintiffs were offered a modification of the Mortgage pursuant to the NMS Offered Terms subject to qualification upon review.

37. Plaintiffs accepted the offer of the NMS Notice and the NMS Offered Terms.

38. Nationstar has refused to modify the terms of the Mortgage pursuant to the NMS Notice and NMS Offered Terms.

39. A valid contract was entered into by the parties for the NMS Modification and NMS Offered Terms. That contract was conditioned only upon Plaintiffs qualifying for the NMS Modification upon a review.

40. Upon information and belief, Plaintiffs would have qualified for the NMS Modification had the review occurred, which was required of Defendants; therefore, the terms of the Mortgage should be modified in accordance with the NMS Modification and NMS Offered Terms.

41. Plaintiffs have incurred costs, including reasonable attorney's fees, in bringing this action for declaratory judgment.

WHEREFORE, the Plaintiffs, Steven and Carlita McIlwain, respectfully request that this Court:

a. Award Plaintiffs actual damages in an amount to be determined but no less than $232,000 plus accrued interest;

b. Award Plaintiffs statutory damages;

c. Determine and adjudicate the rights of the parties with respect to the NMS Modification, and find and declare that the NMS Notice and NMS Offered Terms constitute an enforceable contract between the parties subject to qualification upon review;

d. Order Nationstar to modify the terms of Plaintiffs' Mortgage pursuant to the NMS Offered Terms;

e. Award Plaintiffs costs and reasonable attorney's fees incurred in these proceedings; and

f. For such additional and further relief as the Court deems just and proper.

Respectfully submitted,

Evan V. Goitein, Esq.
Goitein Law, LLC
4550 Montgomery Ave., Suite 760N
Bethesda, MD 20814
(301) 323-8272
*Counsel for Plaintiffs*

**JURY DEMAND**

Pursuant to Maryland Rule 2-325, Plaintiffs hereby demand that this matter be tried by a jury.

Evan V. Goitein, Esq.